Wm. Lawson, Etc., *v.* James M. Johnson and Wife.

**Dower—Jurisdiction.**

Under Civil Code Practice, § 549, County Courts have not only the right to assign dower, but jurisdiction to determine the right of a petitioner for dower.

**Judgment—Collateral Proceeding.**

A judgment obtained cannot be ignored in a collateral proceeding by those who were parties to the action in which it was rendered and who petitioned for the relief granted.

APPEAL FROM GARRARD CIRCUIT COURT.

October 11, 1873.

OPINION BY JUDGE LINDSAY:

The Garrard County Court had full power to determine whether or not the widow of Wm. H. Best, deceased, was entitled to dower in the real estate held by him at the time of his death.

Under the Civil Code of Practice county courts have not only the right to assign dower, but jurisdiction to determine as to the right of the petitioner to dower. Sec. 549.

It will not do to say that the right of Best's widow was not called in question, and therefore was not determined. The appellants were co-petitioners with her, and prevented enquiry by alleging in their petition that she was entitled to dower in such lands.

It is true they were infants at the time, but they had all been of age more than one year before the institution of this suit and have prosecuted no appeal from the judgment of the county court nor taken any steps to have it vacated or modified. Said judgment therefore remains in full force and effect. It certainly cannot be ignored in a collateral proceeding by those who were parties to the proceeding in which it was rendered, and who petitioned for the identical relief that was granted.

In this action it is neither alleged nor proved that the judgment in the county court was obtained by fraud, nor that the names of these appellants were used without authority. They do not repudiate anything that was done in the matter, but ask that a judgment of a court of competent jurisdiction, obtained without fraud or covin and not the result of mistake, so far as this record shows shall be disregarded.

The court below properly refused to do so.

Judgment affirmed.

*Hopper, Durham & Jacobs, for appellants.*

*McKee, for appellees.*